# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

CIVIL ACTION NO. 5:20-cv-00065-KDB-DCK

| | |
|---|---|
| PAM TRADING CORPORATION, a North Carolina corporation and LONATI, S.P.A., an Italian corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CUSTOM SOCKS INK, INC., a North Carolina Corporation and ALTON ROCKETT, an individual.<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

Pursuant to the Stipulation of Plaintiffs PAM Trading Corporation ("PAM Trading") and Lonati, S.p.A. ("Lonati") and Defendants Custom Socks Ink, Inc. ("Custom Socks") and Alton Rockett ("Rockett"), the Court enters the following Consent Judgment and Permanent Injunction Order as follows:

1.　On May 19, 2020, Plaintiffs filed a Complaint against Defendants for patent infringement of U.S. Patent No. 7,954,343, U.S. Patent No. 8,028,546, and U.S. Patent No. 8,631,751. (Doc. No. 1).

2.　On June 11, 2020, counsel for Defendants accepted service of summons and process on behalf of Defendants.

3.　As set forth in the Complaint, Plaintiffs allege, *inter alia,* as follows:

　　a.　Zhejiang Yexiao Knitting Machinery ("Yexiao") is a Chinese-based company that makes knitting equipment for the hosiery industry such as automated circular sock knitting machines with toe-closing mechanisms and functionality.

1

b. Defendants have been either directly or indirectly acting as a sales agent and/or distributor for Yexiao to sell, offer for sale, and/or to facilitate the sale and importation of between Yexiao and the U.S. market.

c. Defendants have been offering to sell Yexiao closed-toe knitting machines and parts to U.S. customers, and quoting prices that are lower than Lonati-branded machines. For example, Defendants offered to sell a Yexiao closed-toe sock knitting machine with a 3.75 inch cylinder and144 needle count for delivery and shipment directly from Yexiao's factory to the United States.

d. Defendants were also involved in the acquisition of closed-toe Yexiao sock knitting machines by at least one sock manufacturing company located in North Carolina.

e. Defendants knew and acknowledged that the Yexiao closed-toe machines would infringe Lonati's patents on closed-toe knitting machines. Despite knowing of Lonati's patent-intellectual property rights to said machines in the United States, Defendants sold and/or offered to sell Yexiao closed-toe sock knitting machines and parts on behalf of Yexiao.

4. Defendants do not concede the truth of Plaintiffs' allegations.

5. However, the parties wish to resolve this matter and accordingly have consented to entry of judgment and this Permanent Injunction Order.

6. The parties agree that this Court has subject-matter and personal jurisdiction over the Defendants.

7. The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

8. The parties agree that nothing contained in this Stipulated Consent Judgment shall be construed as conferring on Defendants any license or permission of any kind under any of the Patents-in-Suit, patents related thereto, or underlying technology thereto.

9. The Permanent Injunction Order below is entered under the Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. The parties waive the right to appeal from this judgment and will bear their respective costs, including any attorney's fees or other expenses of this litigation.

10. This Court, at the request of the parties, will retain jurisdiction over this matter for the purpose of implementing and enforcing the Permanent Injunction Order. If Defendants violate the Permanent Injunction Order they may be subject to civil and criminal sanctions for contempt of court.

11. Defendants consent, agree and covenant, without further proceedings,[1] as follows:

    a. On a going forward basis, to immediately cease and desist from selling, offer to sell, importing, advertising, or marketing, in the United States any automated sock knitting machines that infringe the Patents-in-Suit, such as Yexiao's sock knitting machines equipped with closed-toe mechanisms and functionality;

    b. On a going forward basis, to immediately cease and desist from selling, offer to sell, importing, advertising, or marketing, in the United States any parts and/or services specifically designed for use in an automated sock knitting machine that infringe the Patents-in-

---

[1] The Court has made no independent determination of the merits of Plaintiffs' claims of patent infringement and enters this Judgment and Permanent Injunction only as between the stipulating parties.

Suit, such as parts for Yexiao's sock knitting machines equipped with closed-toe mechanisms and functionality;

12. Plaintiffs consent, agree and covenant, without further proceedings, as follows:

a. Plaintiffs will not bring any demand or claim for monetary damages, costs, or attorney's fees against Defendants for their alleged infringing activities with respect to the Patents-in-Suit;

b. Plaintiffs will, within 5 days after entry of this Order, withdraw and dismiss the Complaint filed in this Court against Defendants.

## PERMANENT INJUNCTION ORDER

**IT IS HEREBY ORDERED** that Defendants Custom Socks Ink, Inc. and Alton Rockett are **PERMANENTLY ENJOINED** from:

1. Making, selling, offer to sell, importing, advertising, or marketing, into the United States any automated sock knitting machines that infringe the Patents-in-Suit, specifically any Yexiao sock knitting machines equipped with closed-toe mechanisms and functionality; and

2. Making, selling, offer to sell, importing, advertising, or marketing into the United States any parts and/or services specifically designed for use in an automated sock knitting machine that infringe the Patents-in-Suit, specifically in any Yexiao sock knitting machines equipped with closed-toe mechanisms and functionality.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate to the public interest.

**IT IS SO ORDERED.**

Signed: July 6, 2020

Kenneth D. Bell
United States District Judge